UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                        :

J.H. individually and on behalf of her child J.H., a  :
minor,                                          :

                             Plaintiff,  :

           -against-                         :

NEW YORK CITY DEPARTMENT OF           :
EDUCATION,                                :

                           Defendant.  :

                                          :

------------------------------------------------------------- x

**ORDER GRANTING
PLAINTIFF'S MOTION FOR
ATTORNEY FEES AND
EXPENSES**

23 Civ. 4753 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff, the mother of a seriously disabled child, J.H., sues to recover the fees

and expenses of her successful attorneys. The claim, in the amount of $109,392.47, the value of

the lodestar, was incurred in three hearings before the N.Y.C. Department of Education

("DOE"), each successful and each for a successive academic year, and in litigation in this court

to recover the fees:

        Hearing # 184852 — $44,330.50 ($43,255.50 fees + $1075 expenses)

        Hearing # 210879 —$26,535 (fees)

        Hearing # 228996 — $21,285 (fees)

        Federal lawsuit — $17,241.97 ($16,815 fees + $426.97 expenses)

        Defendant opposes, claiming that the fees are excessive, that the issues in the

hearings were simple, and that $31,000 reflects retainers already paid by Plaintiff to her lawyers.

The objections are without merit.

1

## DISCUSSION

J.H. has Neuronal Migration Disorders, which cause a range of cognitive, physical, and vision-related abnormalities and challenges. He communicates through facial expressions, gestures, some vocalizations, and augmentative and alternative communication. He needs intensive, individualized instruction and medical care in his place of education, including a twelve-month placement, one-on-one support in a structured environment, and specialized transportation. Because of J.H.'s circumstances, Parent sought Free Appropriate Public Education ("FAPE") pursuant to 20 U.S.C. § 1401(9). *See Endrew F. v. Douglas Cnty. Sch. Dist. RE-1*, 580 U.S. 386, 391, 399 (2017).

The record shows that the DOE resisted Plaintiff's FAPE claim at every stage. The Independent Hearing Officer ("IHO") ruled squarely for Plaintiff in the first hearing, holding that iHOPE, a private school for children with complex academic and medical needs, "was appropriate and provided the Student with educational instruction that was specifically designed to meet the Student's unique special education needs, supported by such services that were necessary to permit him to benefit from instruction," and that he was entitled to tuition reimbursement. ECF No. 27, Ex. 7 at 6. She awarded Parent combined reimbursement and direct funding of iHOPE in the amount of $148,300. *Id.* at 7. Defendant, paying no heed, required Plaintiff to proceed to hearing for the second and third academic years as well. Defendant's current position, that Plaintiff did not have to prepare so carefully for each hearing, is frivolous. The record shows that Defendant refused to accept Plaintiff's entitlement until hearings began, and at that point, withdrew opposition. Defendant cannot now complain that counsel's preparation time should not be appropriately reimbursed.

Plaintiff obtained complete relief at each of the three hearings, and therefore is the prevailing party. Prevailing parties under IDEA are awarded reasonable attorney's fees. "In any

action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). "Fees awarded under this paragraph shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C).

Plaintiff's lawyers are skilled in this specialized field. Lawyers must prepare their cases, and success depends on their careful preparation. Proper preparation should be incentivized by appropriate fee awards so that there are sufficient qualified practitioners to take such cases on a contingent basis. The rights of the disabled deserve no less respect than those of others, and such recognition depends on judicial awards of fees appropriate to the time invested, and the market rates of the lawyers and paralegals prosecuting such cases for contingent fees. There are not many lawyers who take IDEA cases, perhaps because the fee structure has been so tight. *Y.G. v. New York City Dep't of Educ.*, 21 Civ. 641 (AKH), 2022 WL 1046465, at *1 (S.D.N.Y. Apr. 7, 2022) (citing *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir.2005); *Milwe v. Cavuoto*, 653 F.2d 80, 84 (2d Cir.1981)).

I have carefully reviewed the factors set out in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717–19 (5th Cir. 1974), and I find that they are substantially satisfied. I find that the rates of the lawyers, $325 to $550, and of the paralegals, $125 to $200, are reasonably in line with market rates of those practicing in the area, giving regard to the special skill of Plaintiff's lawyers. *See, e.g., Y.G.*, 2022 WL 1046465, at *2 (awarding $550/hour for partners and $225/hour for all paralegals in "heavily contested" IDEA proceedings). I find that the lodestar is not excessive, and is reasonable in light of the work that was required. Every case of the disabled presents new and difficult issues, requiring specialized knowledge of different

3

fields of medicine and child development, and specialized skills requisite to perform the legal services properly.  Counsel has honed these skills.

Defendant cites to cases awarding lower fees, and clearly there are such.  But inflation has taken hold, particularly of attorneys' fees, and it would be unfair to compensate work in this case at the lower rates set in previous cases.  Incentivization requires more liberality.

As to the additional *Johnson* factor, it is impossible to say if working on this case precluded Plaintiff's lawyers from taking other cases, and I make no finding on this issue.

Defendant's argument to deduct the $31,00 of retainers Plaintiff paid to counsel is meritless.  Plaintiff paid these retainers and, as a successful litigant, is entitled to reimbursement. Plaintiff's recovery is not "double dipping," as Defendant argues.  Plaintiff will be reimbursed for her payments to her lawyers, and the lawyers are entitled to the balance of recovery.

In all, I find that the fee and allowances requested are reasonable.

Plaintiff's supplemental request for additional fees for the reply paper is denied. The issues were fully delineated in the opening and opposing briefs and affidavits and did not warrant an extensive reply.

## CONCLUSION

For the above reasons, the motion for fees and expenses is granted.  The Clerk is instructed to enter judgment in Plaintiff's favor for $109,392.47, plus post-judgment interest pursuant to 28 U.S.C. § 1961, calculated as of May 21, 2024.  The Clerk is instructed to terminate the open motion at ECF No. 25 and mark the case closed.

SO ORDERED.

Dated:      May 21, 2024
            New York, New York

ALVIN K. HELLERSTEIN
United States District Judge